JOHN LAMB v. THE STATE.

No. 3157.　Decided June 10, 1914.

Rehearing denied June 26, 1914.

**1.—Assault to Murder—Self-defense—Charge of Court—Aggravated Assault.**

Where, upon trial of assault with intent to murder, the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge on aggravated assault, as the only issue in the case was that of self-defense, upon which the court submitted a proper charge. Following Dougherty v. State, 59 Texas Crim. Rep., 471.

**2.—Same—Evidence—Defendant as a Witness.**

Where defendant testified in his own behalf, there was no error in permitting the State to show that he had been twice indicted for murder; as affect

ing his credibility as a witness, the court properly limiting his testimony to his credibility.

**3.—Same—Requested Charge—Sufficiency of the Evidence.**    .

Where the requested charges were embraced in the court's main charge, there was no error in refusing them, and the evidence sustaining the conviction of assault to murder, there was no error.

Appeal from the District Court of Tarrant.   Tried below before the Hon. R. H. Buck.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays* and *Lattimore, Cummings, Doyle & Bouldin,* for appellant.—On question of failure to charge on aggravated assault:   Miles v. State, 18 Texas Crim. App., 156; Wadlington v. State, 19 id., 266; Johnson v. State, 22 id., 206; Orman v. State, 24 id., 495; Hawthorne v. State, 28 id., 212; Cochran v. State, 28 id., 422; Bonner v. State, 29 id., 223; Bracken v. State, 29 id., 362; Baltrip v. State, 30 id., 545.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of assault to murder, and his punishment assessed at five years confinement in the penitentiary.

Emmett Morrison was constable of the Mansfield precinct, which fact was known to appellant.   All the testimony shows that appellant shot and killed John Guest in Ward's store; Ward went out and found the constable and informed him that appellant had killed Guest; the constable testified that he walked in the drug store and found "Guest lying against the showcase, lying hung down, his head kinder laying back on the showcase."   Appellant objected to any testimony that he had killed Guest, and to the position the body was in.   As the subsequent shooting, and for which he was on trial, grew out of an attempt to arrest him for killing Guest, and within a few minutes thereafter, we think the testimony admissible.   After the constable had gone into the drug store, he was informed that appellant had gone out the back way, and he went in search of him.   He saw him down the street, as the State's witnesses say, with a pistol in each hand; or as appellant testified, with a pistol in one hand, and another in his overcoat pocket.   As the constable ran after him, he unbuttoned his vest, and some say he took out his pistol and put it under his coat; as he got near appellant he called, "Hold on, John—consider yourself under arrest," when appellant turned and began to shoot at him.

Appellant testifies, admitting that he killed Guest, that on the advice of Dr. McKnight he started home; that while on his way home some one called, "Look out," when he whirled and saw Morrison and that Mr. Morrison started to draw a gun, and he, appellant, shot twice, and then Morrison fired, and the other shots were fired.   The court instructed the jury on the law of self-defense as applicable to the evidence, covering

that issue not only in the main charge, but also in the special charge requested by appellant. However, appellant insists that the court erred in not submitting aggravated assault, contending that if he had killed Morrison, the issue of manslaughter would be in the case. If that were true then of course aggravated assault would also be in the case. But we do not think it in the case under the evidence. Appellant, while he denies hearing the officer call to him to surrender, knew he had just killed a man; knew that Morrison was an officer whose duty it was to arrest him, and all he says to raise the issue of manslaughter is, that while walking down the street with at least one pistol in his hand, someone called, "Look out," and as he whirled he saw the officer approaching him, and that the officer was attempting to draw a pistol. This puts the matter in its strongest light for him, and if these facts are true, and he believed his life in danger, he would have been justified in shooting, and the court so instructed the jury. In the case of Ford v. State, 50 S. W. Rep., 350, this court, speaking through Judge Henderson, says: "Appellant complained of the court's charge, because there was no instruction on manslaughter. We have examined the record carefully, and fail to find any manslaughter in the case. Whatever may have been the passion excited in appellant's mind, the record utterly fails to show any adequate cause for such passion. Appellant's own evidence, if it is to be credited, would suggest the theory of self-defense at the inception of his attempt to take the life of deceased. He says that the deceased drew a razor on him, and attempted to cut him; but, even from his own testimony, there is no evidence of any assault on him inflicting pain or bloodshed. The court gave a charge on self-defense, and we fail to see any predicate for a charge on manslaughter."

As said in that case, the court in this case gave a full and fair charge on self-defense, and this was all that the testimony in his behalf called for. In the case of Dougherty v. State, 59 Texas Crim. Rep., 471, this court had occasion to review the authorities on this issue and it was held that such a state of facts as here presented does not raise the issue of manslaughter.

Appellant having testified in his own behalf, it was permissible to show that he had been twice indicted for murder, as affecting his credit as a witness, and it was so limited in the charge of the court. Perhaps it was improper to show he had been indicted, charged with murdering his father, but as he was permitted to testify, "I was acquitted on the charge of murdering my father—I was as innocent of that crime as a baby," he could not have been injured by the answers, especially in view of the fact it was shown that in the case where he was charged with killing his father the court instructed a verdict of not guilty.

The court having fully presented the case in his main charge, and in the two charges given at appellant's request, there was no error in refusing the other charges requested.

The evidence sustains the verdict, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]