BEN W. STRATTON v. THE STATE.

No. 11345. Delivered March 23, 1928.
Rehearing granted June 23, 1928.

The opinion states the case.

E. T. *Miller* and *Edward W. Thompson* of Amarillo, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twenty-five years.

The facts relied upon by the state were as follows: Appellant's wife had received some bruises in a difficulty with English, the deceased. She and her companion, Jean Prince, who also participated in the difficulty, had at the time lost some jewelry. Appellant, the wife of appellant, Jean Prince and one Ritchie drove in Ritchie's car to the scene of the difficulty for the purpose of looking for the lost jewelry. After finding the jewelry, the parties began the return trip to town. On the way to town, the unoccupied car of deceased was seen on the road. Appellant's wife took possession of the car with the statement, in effect, that she would take it back to town and hold it for the purpose of making deceased pay her damages for the injuries she had received at his hands. She started the car. Ritchie, appellant and Jean Prince followed her in Ritchie's car. Deceased appeared in another car with a companion, passed Ritchie's car and followed appellant's wife to town. Upon reaching town the wife of appellant stopped deceased's car. As she stopped, the car in which deceased was riding passed her, and de-

ceased stepped out and started toward her. As deceased was approaching his car, appellant stepped out of Ritchie's car with a pistol and fired two shots at deceased. One shot took effect. The bullet entered from the side and caused the death of deceased.

Appellant testified that shortly prior to the homicide his wife had informed him that, while she and Jean Prince were at the Palisades with deceased and another man, deceased tried to persuade her to have sexual intercourse with him; that when she refused deceased caught hold of her and his companion struck her on the head with a bottle; that deceased and his companion were drunk; that deceased refused to take her home; that he threatened to kill her if she told what had occurred and threatened to kill appellant. Appellant further testified that he was excited at the time he shot deceased and believed that deceased was going to kill him and his wife.

The court's charge on manslaughter referred to insulting conduct or words toward a female relation as constituting adequate cause. The effect of such words or conduct upon appellant's mind was a question of fact for the jury. Upon this issue, in order to determine the extent of the provocation, the general character of appellant's wife and also specific occasions of misconduct on her part of which appellant had knowledge were elements to be considered by the jury. Article 1250 C. C. P.; Stovall v. State, 265 S. W. 572; Stovall v. State, 253 S. W. 526; Bibb v. State, 215 S. W. 312. Hence, the complaint in appellant's bills of exception Numbers 5, 6, 8 and 18 with reference to the fact that appellant's wife was running a house of prostitution at the time of the homicide is without merit. The evidence showed that appellant lived in the house with his wife and the girls who were engaged by her, and appellant must have known of the existence of the conditions mentioned.

Thirty years previous to the instant charge appellant had been indicted in the state of Colorado on a charge of forgery. Twenty-six years before the present indictment was returned he had been convicted of robbing the United States mail and intimidating with firearms and sentenced to life imprisonment. He had been confined on this sentence until 1916, at which time he was granted a parole. In October, 1926, he had been indicted in Roberts County on a charge of manufacturing intoxicating liquor, which charge was pending at the time of the instant trial. While testifying on cross examination the facts just stated were elicited from appellant. Appellant objected to the evidence concerning all of the charges, except the charge in Roberts County, on the ground that they were too re-

mote to be admissible for the purpose of impeaching him. The court instructed the jury not to consider the testimony relative to the indictment for forgery, but refused to sustain appellant's objection relative to the other charges. The court did not err in admitting the testimony. The case of Oates v. State, 149 S. W. 1194, wherein the facts bearing on the point under consideration here were similar to those of the instant case, affords a precedent in support of our conclusion. From the time of the first charge until the instant indictment was returned the evidence is indicative of the fact that appellant led a life of crime. There was no evidence of a reformation.

We have carefully examined each of appellant's contentions and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the light of appellant's motion for rehearing, we have again examined the record. Bearing in mind that appellant was tried before the repeal of the statutes defining manslaughter and that the evidence showed that appellant killed deceased at the first meeting after he had been informed that deceased had insulted his wife, we have reached the conclusion that some of the questions presented by appellant, which were originally deemed not of such prejudicial character as to warrant a reversal, involve errors that were calculated to bring about a conviction .for murder when under the facts adduced by the state as well as by appellant the jury might very properly have concluded that appellant, if guilty at all, should be convicted of no higher grade of homicide that manslaughter. In short, we are unable to say that the errors hereinafter pointed out when taken together were, under the facts of the case, harmless.

Appellant had testified, as shown by bill of exception Number 14, that he was under indictment in Roberts County for manufacturing whiskey. Over proper objection, the state was thereafter permitted to ask him when he was "arrested and charged with bootlegging in Miami in Roberts County." The question was improper. It was not relevant to any issue in the case. As affecting appellant's credi-

bility as a witness it was proper to show that he had been indicted for manufacturing liquor, but there the inquiry should have stopped.

Again, as shown by bill of exception Number 16, over proper objection, appellant was required to testify that it was between two and three weeks from the time he was arrested on a charge of manufacturing whiskey before he made bond. Such testimony was not relevant to any issue and therefore, inadmissible. It could only tend to show that appellant was a bad man generally and one in whom confidence could not be reposed, as evidenced by the fact that his friends were afraid to make his bond.

As shown by bill of exception Number 4, over proper objection, a witness for appellant on cross examination was required to answer that appellant's wife was jealous of deceased. It would appear that such conclusion on the part of the witness when given expression in the presence of the jury would naturally lead the jury to believe that appellant was jealous of deceased and his wife, and hence, being actuated by jealousy, killed deceased. The bill presented error.

Considered together in the light of the evidence, the bills above discussed, cannot be said to fail to reflect prejudicial error.

Believing that we were in error in our original affirmance of the judgment, the motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.