## Bunk Harris v. The State.

No. 13006.  Delivered March 5, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 225.

The opinion states the case.

*A. R. Eidson* of Hamilton and *Jno. B. Littler* of Big Spring, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, nine years in the penitentiary.

The injured party was an officer in the County of Howard.  The appellant on the date of the alleged offense was the floor "bouncer" of a gambling hall in the little oil town of Forsan.  The injured party raided this gambling hall and several of its inmates were fined.  Some hours later appellant and a deputy sheriff by the name of Nixon parked their cars near where the injured party was standing in the town of Forsan and near the raided gambling hall.  According

to the injured party the appellant without cause or provocation opened fire on him with a pistol, the bullet penetrating his lung and liver. He returned the fire.

Appellant claimed that he shot only in self-defense after the injured party and another officer had first fired at him.

A bill of exception presents as error the action of the Court in admitting testimony regarding the said raid of the gambling hall. This was properly admitted as tending to show motive on the part of appellant for shooting the injured party and to furnish a reason for his ill will and malice. Branch's P. C., Sec. 1880; Pryor v. State, 40 Tex. Crim. Rep. 643; Dill v. State, 1 Tex. Crim. App. 287; Dubose v. State, 13 Tex. Crim. App. 418.

The offense is alleged to have been committed on the 6th day of November, 1928. The case was tried the following May. When it was called for trial appellant made application for a continuance on account of the absence of witness Nixon who was with him at the time of the offense and one W. E. Howard, alleged also to be an eye-witness. This application on its face fails to state whether it is a first or a subsequent application. "When the bill of exception taken to the refusal of a continuance does not show whether the application was the first or a subsequent application, it will be presumed to be a subsequent application." Branch's P. C., Sec. 313. An application for a continuance must be complete in and of itself. It cannot be aided by inference or presumption. The presumption of the law is that the ruling of the trial court upon the application is correct. Massie v. State, 30 Tex. Crim. App. 64. Appellant's application for continuance fails to state one of the necessary requisites of a subsequent application for a continuance, namely that the testimony cannot be procured from any other source known to the defendant. This was indispensably necessary. Henderson v. State, 5 Tex. Crim. App. 137; McKinney v. State, 8 Tex. Crim. App. 635. "An application for continuance must contain every statutory requisite, especially if it is a subsequent application." Branch's P. C., Sec. 310; Thomas v. State, 17 Tex. Crim. App. 437. Treating this application, as we must do, as a subsequent application, and tested by the above rules, the bill presenting the matter fails to show error.

Appellant's bill presenting this matter is qualified to show that a controverting affidavit was filed stating among other things that these two witnesses were indicted for this same offense and were at that time fugitives from justice. However, we find that this qualification was properly excepted to and it cannot therefore be con-

sidered. We note, however, that the application fails to state any diligence whatever with reference to Howard nor are there any allegations shown in Bill of Exception No. 1 excusing a lack of diligence as to him. Diligence seems lacking as to both but it is not necessary to expressly so decide, in view of the above holding.

It is alleged in the motion for new trial that the verdict of the jury was arrived at and agreed to by lot and chance. Evidence was heard by the Court on this motion, to which we deem it necessary to only briefly refer. Juror Burks testified in part:

"We put down the number of years that each juror thought he ought to have and put it in a hat, and it was taken out and added up, and divided by twelve and it came to nine years and one month— 9/12ths, yes. We did not agree in advance that whatever that came to it was to be our verdict, no. Some of them said we would not make it final, that we would take another vote on it—we knocked off the month. We did take another ballot and determined whether or not we were going to give the defendant nine years in the penitentiary, yes, we took another ballot and knocked off a month— and taken another ballot for nine years. Every one agreed that nine years would be the verdict. That verdict was taken after the addition and division. We did not agree that the addition and division should constitute our final verdict in the case, no."

Other testimony of a like character appears in the record. Under the most favorable view of the testimony found in the record, it presented only a conflict as to whether the verdict was by lot and the decision of the trial judge who heard this testimony and who decided adversely to appellant on this issue would not under such circumstances be revised on appeal unless clearly wrong. Ulrich v. State, 30 Tex. Crim. App. 63; Goodman v. State, 49 Tex. Crim. Rep. 191; Lamb v. State, 169 S. W. 1159. We regard the testimony appearing in the record as sufficient to sustain the finding of the trial judge that there was no agreement in advance made by the jurors to be bound by the result of their experiment, as testified to by the juror Burks. Unless such an agreement is present the verdict is not one by lot. Branch's P. C., Sec. 656; Leverett v. State, 3 Tex. Crim. App. 217.

In our opinion the argument of the District Attorney complained of was not of that character which would justify a reversal nor of that importance which would require discussion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—One who is tried more than six months after the return of the indictment against him, could hardly be held to have supplied a necessary averment in an application for continuance, to-wit: that this was the first application, by stating therein that he "was placed in jail on May 12th, 1929, and his case called for trial May 14, 1929." For aught this court may know from such averment that accused may have been surrendered after arrest by his bondsmen, or may have been re-arrested and put in jail following the forfeiture of bail, etc. etc. It is not therein stated that appellant was first arrested following indictment on May 12th, nor is it stated that he was first then placed in jail. Nor does such application show, in stating the materiality of the absent testimony, as would seem required in case of a subsequent application for continuance, that there were no other occupants in appellant's car save the absent witness Nixon, nor that Nixon and the other absent witness Howard were the only persons present who saw the shooting and could give the testimony stated as that expected from said absent witnesses.

Bill of exception No. 4 sets out the argument of the prosecuting attorney in closing the case which was objected to. It is now urged that same was not supported by testimony and was inflammatory and prejudicial. Nothing in the bill shows these facts to be true.

The alleged injured party was an officer. He had engaged in a raid upon a gambling house in an oil town on the night of November 5th. He was shot by appellant on November 6th, and testified that appellant and another man came up in cars, got out, and that appellant drew his pistol and began shooting at him. While proof of motive is not indispensable, it is always allowable. We believe the trial court entirely within the limits of his discretion in permitting the State to show, for the purpose of shedding light upon appellant's motive, that the latter was employed in such gambling house, and had been told of the raid though he was shown not to have been present at the time of said raid.

It seems settled in this State that even though jurors do agree in their retirement to each write down the penalty which he deems adequate, and then divide the aggregate by twelve, or the number of

jurors sitting in a particular case, this will not be held violative of that part of Art. 753, C. C. P. commanding new trials when the verdict is by lot,—if the facts show that the jury did not accept or agree upon the quotient thus arrived at as their verdict, but thereafter changed same and agreed upon a different penalty from that corresponding with such quotient. Pruitt v. State, 30 Texas Crim. App. 159; McAnally v. State, 57 S. W. Rep. 833; Rosamond v. State, 97 Texas Crim. Rep. 642; Barnard v. State, 87 Texas Crim. Rep. 365; McCord v. State, 105 Texas Crim. Rep. 100.

Being unable to agree with any of the contentions made by appellant, the motion for rehearing is overruled.

*Overruled.*