LEE COLLINS v. THE STATE.

No. 14257. Delivered April 22, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Mike Reinhardt,* of Royse City, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for rape, punishment being seventeen years in the penitentiary.

The offense is alleged to have been committed on an eleven year old girl, the daughtr of a woman with whom appellant appears to have been living, though not married to her.

No good can result from setting out the evidence in detail. It is sufficient to support the verdict.

In the motion for new trial appellant averred that the verdict was arrived at by the jury adding together the years each thought proper punishment and dividing the result by twelve. Attached to the motion was the affidavit of four of the jurors which affidavits were introduced in evidence upon the hearing of the motion. The affidavits are identical. They go no further than to state "that in arriving at the punishment to be assessed the jury averaged the several assessments of the individual jurors and divided the aggregate by the number of the jurors, and that the result of the calculation was seventeen, and that the said seventeen years was adopted by the jury as the punishment to be assessed." L. E. Pierce, one of the jurors who made the affidavit was used as a witness by the state on the hearing. He was foreman of the jury. He testified that the jurors were considerably divided on the penalty and that he suggested that each juror should put down on paper the number of years the respective jurors thought appellant should be given and hand them to him and that he would add them together and divide the result by twelve; that there was no understanding that they would abide by the result; that the result of the experiment was greater than seventeen years; and he thought too high, and that he never announced the result; that later in trying to arrive at a penalty someone suggested fifteen years, others were in favor of twenty, some in favor of five, that his individual opinion was that ten years was enough, and that they finally agreed on seventeen years. Another juror testified for the state that he did not know what the result of the addition and division was, but that the foreman said it was much higher than the seventeen years agreed on.

We find no error in the court's action in overruling the motion for new trial. The evidence produced upon the hearing justified the trial court in finding that the conduct of the jury amounted to no more than

an experiment, with no agreement to be bound by the result. Many authorities are collated in section 656, Branch's Ann. P. C. of Texas, among them are Leverett v. State, 3 Texas App., 213; Cravens v. State, 55 Texas Crim. Rep., 519, 117 S. W., 157. Perhaps the latest case on the subject is Harris v. State, 114 Texas Crim. Rep., 647, 26 S. W. (2d) 255.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant raises only the question of the sufficiency of the testimony, and calls attention to a number of minor contradictions therein. The parties to the transactions are negroes, and the prosecutrix was a negro girl eleven years of age. She asserted positively that appellant had intercourse with her about the time mentioned. She is corroborated by the testimony of a physician who examined her.

Discrepancies in dates and days and other matters but raise fact issues, the settlement of which are for the jury, and this court will rarely disturb their conclusion. In fact we never do so when the only contention relates to such minor matters. We believe the record to contain testimony sufficient to justify the jury in arriving at a verdict of guilty.

The motion for rehearing will be overruled.

*Overruled.*