## C. E. THOMASON V. THE STATE.

No. 16729.   Delivered May 23, 1934.
Rehearing Denied June 20, 1934.

The opinion states the case.

*W. E. Lessing*, of Abilene, and *Thomas B. Ridgell*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a street in an incorporated town while intoxicated; the punishment, confinement in jail for 30 days.

The testimony of the State showed that appellant drove his

automobile on West Walker Street in the incorporated limits of the city of Breckenridge on the date charged in the indictment, and further, that appellant was drunk at the time. While driving ahead of a car with which he had collided appellant threw a bottle of whisky from his car. Several witnesses testified that appellant was drunk. Testifying in his own behalf, appellant admitted that he had been drinking whisky on the occasion in question but declared that he was not intoxicated.

It is contended that the State failed to prove that the city of Breckenridge was incorporated. A witness for the State testified, without objection on the part of appellant, as follows: "I never saw him (appellant) before about the first of August, the time when he backed into my car; I believe that was about the eleventh of August, on Walker Street, within the incorporated limits of the city of Breckenridge in Stephens County, Texas." Further, the witness testified: "These things I have testified about occurred within the incorporated limits of the city of Breckenridge in Stephens County, Texas." This testimony being in the record without objection, the opinion is expressed that it is sufficient to establish the fact of incorporation. Appellant cites the case of Hollingsworth v. State, 56 S. W. (2d) 869, in which we said that it was not clear that the statement of a witness that the car had been driven on a named street in the corporate limits of Perryton was sufficient proof of the fact of incorporation. The Hollingsworth Case was not reversed on the point mentioned, but on other points. It was suggested in the opinion that in view of another trial the proof of incorporation should be made more definite.

In one of appellant's bills of exception it is shown that, while cross-examining appellant, the district attorney asked him if he had not served a sentence in the penitentiary. Appellant answered in the affirmative, stating that it had been more than eighteen years since he had served such term. Thereafter the court withdrew this testimony from the consideration of the jury. It is observed from the record that appellant had been charged with other offenses since he had been released from the penitentiary. In other words, the record warrants the conclusion that from the time of the first charge until the instant indictment was returned appellant had continued a course of conduct indicative of the fact that he had not reformed. This being the case, the bill of exception fails to reflect error. See Oates v. State, 149 S. W., 1194; Stratton v. State, 8 S. W. (2d) 171.

We find in the record some exceptions to the charge of the

court. They do not appear to have been signed by the trial judge, and therefore cannot be considered.

A careful examination of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—The evident purpose of Art. 802, P. C., is to prevent persons, who may be under the influence of intoxicating liquor, from driving cars at places where the public has a right to be and may fairly be expected to be. Every reasonable intendment should be given in aid of a strict observance of said law.

In this case there was no controversy before the trial court over the fact that appellant's car was operated within the incorporated city of Breckenridge. There was affirmative testimony to the fact that it was so operated. We did not intend to hold otherwise from what we have here said, in Hollingsworth v. State, 56 S. W. (2d) 869. Any intimation to the contrary therein will be overruled. We think clearly the evidence in this case showed the city of Breckenridge to be incorporated.

We have considered appellant's exceptions to the charge of the court. Same has been carefully considered and is deemed a correct presentation of the law of this case.

The motion for rehearing will be overruled.

*Overruled.*