### HOLLIS WESTERMAN V. THE STATE.

No. 22012. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.

102

The opinion states the case.

*C. C. McKinney*, of Cooper, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of an automobile, punishment assessed being two years in the penitentiary.

The car in question belonged to Miss Broline. She had delivered it to Ray Morse to be sold by him. The evidence shows that he was exercising actual control, care and management of the car, and was the special owner under Art. 1415 P. C. The car was taken from a parking or used car lot which was used by Morse. The car was last seen on said lot by Mr. Mackey about six o'clock when he was closing business for the day. About eleven o'clock that night Mackey recognized this car standing

on the street some three and a half blocks from the parking lot. The car was examined by Mackey and nothing was missed from it. He found in it a pair of khaki colored pants wrapped in paper with a sales slip showing they had been purchased from Sears-Roebuck. The car had been driven onto the parking lot under its own power, but both Mr. Morse and Mr. Mackey testified that it was practically out of gasoline. Mr. Morse was not acquainted with appellant. Some thirty or sixty days after the theft appellant went to Mr. Morse's place of business and told him that he (appellant) had been arrested that night, and talked to him about taking the car and wanted Morse to drop or dismiss the charges against him. Appellant told Morse he had been arrested that night for taking the car from the lot and told how he had taken it, and that two boys whom he did not know had helped him. Appellant said he was drunk and that his family was in hard circumstances. A confession of appellant was introduced in evidence in which appellant said:

" * * * I live at Charleston in Delta County, Texas, and I came to Paris, Texas, yesterday, July 18th, 1941, and saw some cars on a parking or used car lot southwest of the public square and I tried to push one of the cars away and while was trying to push it two boys came along and helped me push it off. We pushed it west for a good piece, or two and one half blocks, and as it wouldn't start I quit pushing it and walked on back to town. When I started pushing the car off I had a new pair of *kahki* breeches I had bought at Sears-Roebuck' store in Paris the same day and when I left the car I left the breeches in the automobile. When I started to take the automobile from the lot I didn't see anybody around in charge of the lot and nobody gave me any permission to take the auto and I knew I didn't have any right to run the auto away."

Appellant urges that the court committed error in not instructing a verdict of acquittal, based on the contention that the evidence fails to show that the car was taken with intent to appropriate it to appellant's use and deprive the owner of its value. If appellant took the car with the intention to so appropriate it and to deprive the owner of its value the theft was complete when appellant took control of the car. The car having been taken without the owner's consent it was not necessary that the appropriation be consummated or completed. The fact that something prevented the further use by appellant of the car would not prevent the case being one of theft. It is scarcely reasonable that appellant pushed the car out of the

parking lot and two or three blocks down the street unless some further use of it was contemplated. That such further use was in appellant's mind appears from the statement in his confession that: "* * * as it wouldn't start I quit pushing it and walked back to town." Appellant does not say what he intended to do with the car if it had "started," but clearly shows that he was disappointed at its failure to do what he expected. The court was not in error in refusing the request for an instructed verdict. What has been said also disposes of appellant's contention that the evidence does not support the conviction.

Appellant objected to the court's charge because of the omission of an instruction upon the law of circumstantial evidence, and requested a special charge upon the subject. The evidence heretofore set out takes the case out of the realm of circumstantial evidence. In both the statement made by him to Mr. Morse and in his confession appellant admitted *taking* the car. There being direct evidence of such taking no charge upon circumstantial evidence was required. See Branch's Ann. Tex. P. C., p. 1341, Sec. 2480, and cases cited, including Roberts v. State, 44 Tex. Cr. R. 267, 70 S. W. 423.

Objection to the court's charge was made because there was no instruction upon misdemeanor theft. We find no evidence in the record raising such issue.

Appellant requested a special charge to the effect that if he took the car merely intending to take a ride in it, he should be acquitted. We fail to find evidence upon which to base such instruction. Appellant did not testify in the case or introduce any evidence supporting such a theory. Neither in his conversation with Mr. Morse nor in his confession did he claim a taking for the purpose indicated in the requested charge.

In a number of special requested charges, framed in different words, appellant sought to have the jury told that if at the time appellant took the car he did not intend to appropriate it to his own use and deprive the owner of its value, to acquit him. He complains because of the refusal of these charges. In his main charge the court required the jury to find from the evidence beyond a reasonable doubt that appellant did take the car with intent to deprive the owner of its value, and with intent to appropriate it to appellant's own use or benefit before a conviction could be had. The court then told the jury if they

found from the evidence, or had a reasonable doubt, that appellant took the car for any other purpose whatsoever, other than to deprive the owner of the value thereof and to appropriate it to his own use and benefit to find appellant not guilty. There being no evidence of a taking for any claimed specific purpose the court protected appellant by the general defensive charge just mentioned.

Bill of exception number one reflects that after Mr. Morse had detailed to the jury his conversation with appellant about taking the car and appellant's request for the witness to "drop the charges" against appellant, the attorney for the State asked the witness what else appellant said, and the witness replied, "He said he had been to the penitentiary once." Counsel for appellant objected and requested the court to exclude the answer. The court sustained the objection and instructed the jury not to consider for any purpose the statement that appellant had been to the penitentiary. Appellant moved the court to declare a mistrial, which motion was overruled. In the absence of any affirmative defense, and in view of an admission of guilt in appellant's confession, and the infliction of the lowest punishment, we fail to discover how any harm resulted to appellant from the incident complained of in this bill.

The judgment is affirmed.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant cites us to the case of Kiser v. State, 141 Tex. Cr. R. 530, 150 S. W. (2d) 257, as decisive of this cause in his contention that the trial court should have charged the jury relative to the law of circumstantial evidence. The facts in the Kiser case are not a parallel to the present facts herein. Appellant's statement, which we still call a confession, shows that he took this car unlawfully, and from the facts it is ascertainable that he only abandoned the same because the car would not run. That this was the same car lost by Mr. Morse is shown by its location as placed by appellant, and by the presence of the khaki trousers purchased from the firm mentioned by appellant and left in the car by him as shown by his statement, the presence of the trousers being shown by those who repossessed the car as well as by appellant.

We think appellant's own statement, or confession as we call it, shows him guilty of fraudulently taking a car that was stolen. Art. 1412, P. C., says:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

If this car was taken for some other reason than a permanent appropriation, there is no hint of such in the testimony; but there is sufficient testimony present to show its fraudulent taking. We can only use the testimony presented to us.

The motion is overruled.