RUFUS GILL v. THE STATE.

No. 22893. Delivered June 14, 1944.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, death.

The deceased (Alonzo Allen) operated a "barbecue pit" in Corpus Christi, that is, an eating establishment serving, mainly, barbecue. On the night of the killing, appellant went to deceased's place of business and ordered a half-pound of barbecue.

He complained that the amount served him was short weight— as a result of which an argument ensued, culminating in a fist fight between them, appellant striking the first blow. Ira Bradford stopped the fight. Appellant left the place, and, according to Bradford's testimony, as he was leaving, said:

"I'm going to come back and kill all you sons-of-bitches."

Shortly thereafter, appellant appeared at the home of Roxie Mae Reynaud, about a block away, with a shotgun, stating that deceased had stabbed him, and that he was going to kill the deceased. Appellant left, and soon thereafter the killing occurred.

It appears that appellant, upon returning to, and while outside, deceased's place of business, fired through a window, shooting Bradford in the shoulder. He then went around to the rear, or kitchen, stepped through the door, and, when within six or eight feet of deceased, shot him in the neck, with the shotgun, as a result of which deceased died immediately and without saying anything.

The appellant did not testify as a witness in his own behalf.

The disposition we make of the case renders a further statement of the facts unnecessary.

Bradford was a material witness for the State. He is the only witness who testified to the threat made by appellant when he left deceased's place of business after the first difficulty. Upon cross-examination, the appellant inquired of the witness if he had not been convicted of a felony and had not served a term in the penitentiary; to which the witness replied: "Back in 1926, yes sir." The State objected to said answer and requested the trial court to withdraw same from the jury because it was too remote. The trial court sustained the objection and withdrew the answer from the jury's consideration. Thereupon, appellant's counsel asked the trial court to withdraw the jury, in order that he might develop his bill of exception and show that said testimony was not subject to objection or was not too remote. The trial court refused this request and required counsel to proceed with the case, stating that, at the conclusion of the trial, he would permit counsel to perfect his bill of exception so as to show, if he could, that the testimony was not too remote. At the conclusion of the trial, appellant's counsel, in sup-

port of his contention, showed, by the witness, that, in 1937, he (Bradford) had been convicted, in the District Court of Nueces County, in two cases, for forgery, and for which he served a term in the penitentiary.

The bill of exception presenting the above facts is approved without qualification.

Proof that a witness has been convicted of a felony is admissible in evidence as affecting the credibility of the witness. This is the rule of long standing. Branch's P. C., Sec. 167, Page 101; 39 Texas Digest, Statutes, Sec. 345, P. 294. An exception to this rule is that the prior conviction must not be too remote. Branch's P. C., Sec. 170. The question of remoteness is usually to be determined in the light of the particular facts of each case, especially regarding subsequent conduct of the convict. If there be evidence showing a lack of reformation, or the subsequent conviction of another felony, then the prior conviction is not deemed subject to the objection of remoteness. Oates v. State, 149 S. W. 1194, 67 Tex. Cr. R. 488; Shipp v. State, 283 S. W. 520, 104 Tex. Cr. R. 185; Fritts v. State, 42 S. W. (2d) 609, 119 Tex. Cr. R. 412; Lott v. State, 60 S. W. (2d) 223, 123 Tex. Cr. R. 591; Thomason v. State, 72 S. W. (2d) 598, 126 Tex. Cr. R. 554; Jones v. State, 116 S. W. (2d) 717, 134 Tex. Cr. R. 531; Perez v. State, 150 S. W. (2d) 402, 141 Tex. Cr. R. 575.

In the instant case, the conviction occurred in 1926. Eleven years thereafter, the witness was again convicted of two felonies and served time in the penitentiary. These last convictions were within seven years of the time the witness was called to testify in this case. These facts bring this case within the Oates case, supra.

The conclusion is reached that, under the facts here presented, the trial court erred in failing to permit proof of the prior convictions of the witness. This being a death penalty case, and the witness sought to be so impeached having given material testimony in behalf of the State, a speculation as to probable injury will not be indulged in.

Other matters presented by this record will not likely occur upon another trial.

If, upon another trial, the facts are as here presented, and if the issue of self-defense be submitted, the charge on provoking the difficulty should be omitted from the charge; and,

if the issue of self-defense be deemed to arise by reason of deceased's having used a deadly weapon, then the trial court should incorporate, as a part of his charge, the presumption arising by reason thereof, as provided by Art. 1223, P. C.

Exceptions were reserved to the trial court's charge, in the particulars pointed out, and, for that reason, same are here adverted to. Also, we are unable to see the materiality of the testimony showing the nature and extent of the injuries inflicted upon the witness Bradford.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.