RAUL HERNANDEZ v. THE STATE.

No. 23183. Delivered October 24, 1945.

The opinion states the case.

*M. C. Gonzales,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of fifty dollars. The punishment is confinement in the state penitentiary for a term of two years.

Appellant brings forward two complaints. The first relates to the court's action in declining to grant his request for an instruction to the jury to return a verdict of not guilty. His second complaint relates to the court's action in declining to give certain requested instructions.

The first complaint necessarily rests upon the evidence adduced which, briefly stated, shows that Jap Holman lived on a ranch some distance from the town of Sonora; that on the 9th day of September, 1944, he permitted his niece, Miss Bettie Taylor, to drive his automobile to Sonora for the purpose of getting some groceries; that while the car was parked on the street of said town, appellant and David Garcia entered the same and drove it away. Soon thereafter the car was missed. The sheriff was notified of the disappearance of the automobile, whereupon he immediately telephoned the Sheriff of Schleicher County, who drove out on the highway leading from Sonora to Eldorado, intercepted the car in question and arrested appellant and his companion, David Garcia. The evidence also shows that the reasonable cash market value of the car was between six and seven hundred dollars, and that it was taken with-

out the consent of either the actual owner or the person who had driven it into town and parked it.

Appellant testified that their only purpose in getting into the automobile was to ride around; that they had no intention of stealing it. It will be noted that an issue of fact was raised which the jury decided adversely to him. Had the jury believed appellant's testimony they no doubt would have acquitted him under the instruction from the court relative to that phase of the case. The jury were the sole judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony. Under the facts of this case, this court would not be authorized to invade the province of the jury and set aside their conclusion of appellant's guilt.

The court, in his charge on the defensive theory of appellant, instructed the jury as follows:

"If you believe, or have a reasonable doubt thereof, that the defendant, acting either alone or as a principal with said David Garcia, took the said automobile with the intention of driving around in same, and did not intend to steal the same, you will find him not guilty."

"Or, if you believe, or have a reasonable doubt thereof, that the defendant was merely riding in the car with the said David Garcia, and did not know of the unlawful intent, if any, of said David Garcia to take said automobile, and appropriate same to his use and benefit, you will find the defendant not guilty."

The foregoing instruction was a fair and adequate instruction of the law on the defensive issue raised by appellant's evidence and was in accord with his requested charges. Consequently no error is shown to have been committed in this respect.

From what we have said it follows that the judgment of the trial court should be affirmed and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.