## EUGENE SHELTON V. STATE.

No. 24887. October 18, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

The conviction is for the offense of assault with intent to murder. The penalty assessed is confinement in the state penitentiary for two and one-half years.

We take a synopsis of the facts from the brief of the state's attorney as follows:

"The appellant and the injured party were classmates at St. Phillips College for about two years and four months, and prior to the transaction out of which this prosecution grew appeared to have been on friendly terms. They were both colored residents of the City of San Antonio.

"On the night of the occurrence one GARFIELD MITCHELL, who operated a drive-in place and a patio where beer and food were sold, was having a special opening and special music. This was a place which catered to colored customers. Quite a crowd was present.

"It appears that somebody had burned the appellant's shirt with a cigarette and appellant and this person had had some discussion over the matter, appellant apparently being very much agitated by the burning of his shirt and unwilling to accept the burner's offer to buy him a new shirt. The injured party attempted to enact the role of peace-maker, whereupon the appellant said, "God damn it; get out of the way,' drew a .25 automatic pistol and started shooting. The injured party ducked and crawled for protection underneath a parked car. An examination of him disclosed that the first shot hit him in the right thigh and the second shot hit him in the left jaw. In the same transaction appellant also shot and severely wounded the injured party's brother Jesse, who was an innocent bystander.

"The injured party and the appellent seem to have been not more than two feet apart at the time of the shooting. The injuries to the injured party named in the indictment were serious, it being necessary to make an incision in his neck so he could breathe in a little tube in the base of his neck. He appeared to have been so breathing at the time of the trial. The wound to the injured party's brother was also serious, the bullet being described as having come out of his stomach, and it being necessary to sew up his intestines.

"Appellant defended, claiming that an unprovoked assault had been committed upon him by several men acting together, and that he shot in self-defense.

"The triers of the fact (the jury) resolved the disputed issues in favor of the State and hence same pass out of the case."

There is but one bill of exception in the record which seems to us to be multifarious. It is first concerned with the fact that the court overruled appellant's motion for a new trial, and such motion (containing two and one-half pages) appears in said bill, followed by 17 pages of affidavits and proposed testimony of witnesses as found in their affidavits, as well as other witnesses probably heard by the court on the motion. The affidavits presented in said bill are sworn to before appellant's attorney and should not be considered. See 2 Tex. Jur. p. 346, sec. 10.

Again, other than being incorporated in the motion for a new trial, these affidavits do not seem to have been introduced at the hearing on the motion. See 31 Tex. Jur. p. 315, sec. 111.

Furthermore, no diligence is shown relative to the claimed newly discovered evidence save an allegation that "defendant

was as diligent as anyone of like circumstances and background could be," which does not impress us as a sufficient excuse for a lack of diligence.

This assault took place on June 2, 1949; appellant was indicted by the grand jury on November 29, 1949; and this trial was had on January 17, 1950, almost seven months after the alleged offense. All this newly discovered testimony was found soon after the January trial, and no excuse is given why same was not sooner discovered. Moreover, whatever portion of such testimony that seems to be material to appellant's defense was in the main but cumulative of the testimony of three other witnesses for appellant who testified to substantially the same facts as it was alleged the new witnesses would have testified to had they been present.

We see no error reflected herein, and the judgment will therefore be affirmed.