Edward BENITEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 36667.

Court of Criminal Appeals of Texas.

March 11, 1964.

Rehearing Denied April 29, 1964.

Joe W. Christie of Woodard & Christie, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Mike J. Thompson and Oscar G. Galvan, Asst. Dist. Attys., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant and Alberto Escobar were jointly charged by indictment with the theft of one automobile of the alleged value of $2,300. .

Upon the granting of a severance, appellant was separately tried and convicted and his punishment assessed at confinement in the penitentiary for five years.

The evidence presented by the state shows that on the night in question, around 8:50 o'clock, city officers Bell and Chavez observed the appellant driving a new 1963 light-colored four-door Falcon automobile on Mesa Street in the city of El Paso. Riding in the automobile with appellant was his companion, Alberto Escobar. The officers, noting that appellant was exceeding the speed limit, gave pursuit in an effort to stop him. It was then observed that the automobile appellant was driving had no license plates. After appellant failed to stop and had ignored the red light and siren on the patrol car, the officers drove alongside his vehicle. At such time appellant veered the car he was driving, struck the patrol car, and turned on Interstate Highway No. 10, and proceeded to drive away. The two officers then radioed for assistance and pursued appellant into the State of New Mexico, where he was apprehended at approximately 9:45 p. m., after having collided with another automobile inside the city limits of Las Cruces. During the pursuit, appellant drove through two road blocks in New Mexico, set up by the state police, and maintained a speed of between ninety and ninety-five miles per hour most of the way.

Following his arrest, appellant was returned to El Paso, where, after being questioned by the officers, he made a written confession at 11:40 p. m., which was introduced in evidence by the state. In his confession, appellant stated that on the day in question he and his companion had been drinking and that they decided to steal a car and go to California. Appellant related that they went to the "Kemp Ford" car lot in El Paso, found a car with keys in it, and that they got in and "took off." Appellant stated that he did the driving and that

when the police got behind him he was scared and afraid to stop.

It was shown that the Falcon automobile which appellant was driving on the night in question had been stolen that same night from the Kemp Motor Company in El Paso and that it had a retail value in excess of $2,300.

Testifying as a witness in his own behalf, appellant stated that on the day in question he and his companion, Escobar, had been drinking and that he (appellant) was intoxicated; that they "got the idea" of borrowing a car and went to the Kemp Motor Company in El Paso and drove the car from the lot. Appellant stated that they had no intention to leave the county and were just driving around and were going to abandon the car when it ran out of gas. Appellant further testified that certain promises were made to him by the officers prior to his signing the confession; that he was not warned by the officers; and that the reason he signed the statement was because he was tired and wanted to get some sleep.

The officer to whom the statement was made swore that appellant was duly warned and denied any promise to or threats against him.

The court, in his charge, submitted to the jury under proper instructions the issue of whether appellant was duly warned and the voluntary nature of the confession.

Appellant predicates his appeal upon two formal bills of exception.

Bill #1 complains of the court's action in admitting appellant's written confession in evidence over the objection that it was obtained as the result of an illegal arrest. Appellant insists that his arrest by the Texas officers in New Mexico was unauthorized and that his confession, having been obtained in violation of law, should have been excluded under the provisions of Art. 727a, Vernon's Ann.C.C.P.

■ While there is conflicting testimony in the record as to who arrested the appellant—whether the Texas officers or the officers in New Mexico—we need not pass upon the legality of the arrest in determining the question of the admissibility of the confession. It is the illegal detention and not an illegal arrest which, under certain circumstances, will vitiate a confession. Head v. State, 160 Tex.Cr.R. 42, 267 S.W.2d 419; Walker v. State, 162 Tex.Cr.R. 408, 286 S.W.2d 144; Smith v. State, Tex.Cr. App., 350 S.W.2d 344.

■ We are unable to say that appellant's detention by the El Paso officers following his arrest in New Mexico, under the circumstances shown, was such as to vitiate the confession.

■ The disputed issues as to whether appellant was duly warned and the voluntary nature of the confession were submitted to the jury and, under the record, we would not be authorized to disturb their verdict.

Bill of exception #2 presents appellant's objection to the court's charge, on the ground that in defining the offense it did not instruct the jury that the taking of the property must be with the intent to *permanently* deprive the owner of the value of the same.

■ The court, in defining "theft" and the term "fraudulently take" in his charge, instructed the jury that the taking of the property must be with the intent to deprive the owner of the value of the same and to appropriate it to the use and benefit of the person taking. This instruction followed the provision of Art. 1410, Vernon's Ann. P.C., defining the offense of theft, and was sufficient. Westerman v. State, 144 Tex.Cr.R. 101, 161 S.W.2d 95.

In submitting appellant's defensive theory of a temporary taking, the court instructed the jury as follows:

"Testimony has been offered by the defendant to the effect that there was a mere temporary taking and use of the automobile in question and there was no

intent to deprive the owner of the value of the same, and if you so believe or have a reasonable doubt thereof, you will find the defendant 'Not Guilty.'"

 The court's instruction, in effect, submitted to the jury the question as to whether appellant intended to permanently appropriate the automobile, and was sufficient to submit his affirmative defense to them. Hernandez v. State, 148 Tex.Cr.R. 566, 189 S.W.2d 876.

 Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.