**Lester B. DAVIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40652.**

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Rehearing Denied Jan. 3, 1967.

E. C. Grindstaff, Ballinger, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of heroin; the punishment, 15 years.

Six grounds of error are set forth by appellant in his brief filed in the trial court.

Ground No. 1 relates to the testimony of Kenneth Decker, State Narcotics Agent, who testified to appellant's possession and sale to him of the heroin introduced in evidence, wherein he testified:

"Q. On that occasion, the initial visit in another city, who brought up the subject, if any one, of heroin?

"A. He did.

"Q. Do you recall what words he used when he brought it up?

"A. Well, yes, sir. Of course we visted and after we introduced ourselves, well, he said, 'I think I have seen you before,' and I told him, 'I believe I have seen you once before too,' and after we talked a few minutes we discussed back several years before that I had met him in Coleman in '55 or '56, not sure what year it was, it was along about that time; and that was the initial conversation and how it began; and he said, 'well, when you knew me then I was doing a little bootlegging.'

"MR GRINDSTAFF: We object to that, Your Honor, doesn't appear in this case; it is another county, and we object to it as highly prejudicial.

"COURT: Overruled.

"MR. GRINDSTAFF: Exception.

"Q. Proceed with the conversation giving only what he said or what you heard in his presence, and try to use the actual conversation as much as you can?

"A. He said, 'of course, the business I was in then, bootlegging, selling whiskey, but it is getting hard to make a living.' He said 'I found more money. If you are interested in making more money we can make a deal.' Up to that time wasn't anything said what it was."

The objection quoted above was without merit and the trial judge did not err in overruling it.

■ Ground of Error No. 2 relates to the testimony of the State's Witness Decker wherein he testified that not even a doctor can prescribe heroin in Texas.

The testimony was admitted without objection and we see no error.

■ Ground of Error No. 3 complains of the admission of testimony and Exhibits offered by the state at the jury hearing on punishment as evidence as to the prior criminal record of appellant.

The evidence was admissible under the provisions of Art. 37.07 Vernon's Ann.C.C.P. and the objection that such evidence was highly prejudicial in the minds of the jury is without merit.

Ground of Error No. 4 complains of the overruling of appellant's motion for new trial to which was attached the affidavit of the foreman of the jury to the effect that each juror wrote down the number of years the defendant should receive and the average came to a few months less than 14 years and "The end result was that one member moved that they assess a sentence of 15 years. This was unanimously approved."

The ground of error is without merit for several reasons:

■ First, the record does not reflect that any evidence was offered in support of the amended motion for new trial. The affidavit not introduced in evidence was only a part of the pleading. Parker v. State, Tex.Cr.App., 372 S.W.2d 320; Shelton v. State, 155 Tex.Cr. 187, 233 S.W.2d 148; 41 Tex.Jur.2d 389.

■ Second, assuming that hearing had been held and the facts shown by the foreman's affidavit were established by undisputed evidence, there is no showing that the jurors agreed to be bound by the result of each writing down the number of years and dividing by 12. Lamb v. State, 74 Tex.Cr.R. 301, 169 S.W. 1158; Phillips v. State, Tex. Cr.App., 216 S.W.2d 211.

To the contrary, the foreman's affidavit reflects that the punishment agreed upon was different from the quotient. Harris v. State, 114 Tex.Cr.R. 647, 26 S.W.2d 225.

■ Ground of Error No. 5 relates to argument of state's counsel on the question of probation.

We do not find in the record the argument of counsel at the hearing on punishment, or any bill of exception showing that the complained of remarks were made.

While we find no motion for probation filed before the trial began, as required by Art. 42.12, Sec. 3a, V.A.C.C.P., the question of whether probation should be recommended was submitted to the jury at the hearing on punishment as provided by said Art. 42.-12, Sec. 3a, V.A.C.C.P.

We further note that appellant's ground of error recites that no objection was made at the time the complained of remarks were made. We see no error.

■ The remaining ground of error raises the contention that the State Narcotics Agent, Decker, was an accomplice whose testimony was not corroborated.

This contention is predicated upon the testimony of Narcotics Agent Rick Stayton who testified that in keeping with their plan, he arrested Agent Decker as well as appellant and took from Decker's pocket the package of heroin introduced in evidence. Officer Stayton testified that he knew Decker was a Narcotics Agent and had been with him on the plan whereby Decker acted as undercover agent, and that after arresting him for selling narcotics, he returned the package of heroin to Agent Decker.

The question of whether Agent Decker was an accomplice witness or the question of entrapment was not submitted to the jury, and there was no objection to the charge or request for such a charge.

Under the record, Agent Decker is not shown by the evidence to have been an accomplice witness as a matter of law. Sutton v. State, 343 S.W.2d 452; Huerta v. State, Tex.Cr.App., 390 S.W.2d 770.

The judgment is affirmed.