**James Sherman INGRAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41151.**

Court of Criminal Appeals of Texas.

March 27, 1968.

Rehearing Denied May 8, 1968.

Herrick & Waltrip, by Bill Waltrip, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is felony theft of an automobile; the punishment, enhanced by a prior conviction for burglary, an offense of the same nature, 10 years.

The prior conviction alleged for enhancement was in Stephens County on August 20, 1954.

Proof was admitted over objection, at the hearing on punishment to be assessed, on April 19, 1967, that appellant was also convicted of burglary in Tarrant County on July 14, 1954, and in Ector County on February 20, 1954.

Appellant's first ground of error complains of the admission of the evidence as to the Tarrant County and Ector County convictions on the ground that such convictions were too remote.

The prior convictions were admissible under the portion of Art. 37.07, Sec. 2(b) of the 1965 Code of Criminal Procedure which, at the time of the trial, read:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

Davis v. State, Tex.Crim.App., 419 S.W.2d 648.

The law places no limitation by reason of remoteness on prior convictions offered to show the prior criminal record of the defendant.

We note further that a ten year term in the penitentiary was assessed in each of said prior convictions and, in determining remoteness of a conviction, the computation of time should begin after release from prison. King v. State, Tex.Crim.App., 425

S.W.2d 356; Vaughn v. State, 143 Tex. A.R. 150, 157 S.W.2d 894; Gill v. State, 147 Tex.Cr.R. 392, 181 S.W.2d 276; Toms v. State, 150 Tex.Cr.R. 264, 200 S.W.2d 174.

Ground of error No. 1 is overruled.

 Appellant next complains of the court's failure to charge on the law of "driving without the owner's consent," a misdemeanor. (Art. 1341 Vernon's Ann. P.C.)

No such issue was raised by the evidence which shows that appellant and two companions were seen driving an automobile from a car dealer's lot and were pursued and Apprehended after they fled from the car on foot. Westerman v. State, 144 Tex.Cr. R. 101, 161 S.W.2d 95; Hernandez v. State, 148 Tex.Cr.R. 566, 189 S.W.2d 876.

The remaining ground of error complains of the exclusion of testimony of appellant's mother, at the separate hearing on the punishment, to the effect that he had been treated in Peter Smith Hospital for alcoholism and had left the hospital against medical advice only a few hours before the offense was committed.

The mother testified that her son was an alcoholic and had been treated "by medical doctors for this disease" at Peter Smith Hospital, and had been to Wichita Falls four times, specifically for the treatment of alcoholism.

Mrs. Flannery was asked where her son had been on December 8th (the date the car was stolen) and answered: "In Peter Smith Hospital."

There was no motion to strike the answer of the witness.

If error was preserved it is not such as would warrant reversal of the conviction.

The judgment is affirmed.

## CONCURRING OPINION

MORRISON, Judge.

I concur in the affirmance of this conviction, but not upon the reasoning set forth in the majority opinion. I find it unnecessary at this time to pass upon the question of the admissibility of extraneous convictions not plead for enhancement, which may have been too remote under the rule announced in Blessett v. State, 168 Tex.Cr.R. 517, 329 S.W.2d 434, upon which the appellant relies.

State's Exhibit # 2 contained the judgment and sentence in three cases, including the one alleged for enhancement, and the record reflects that the prosecutor read only "portions" of the exhibit to the jury. There is no showing that they ever saw or heard about the "remote" convictions which had not been plead.

For the reason stated, I join in the affirmance of this conviction.