**Jesse Lee BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48713.**

Court of Criminal Appeals of Texas.

July 10, 1974.

Hillord H. Hinson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Marty McVey, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The offense is theft; punishment, enhanced under Article 62, Vernon's Ann.P. C., is ten years.

In the early morning hours of November 6, 1972, appellant and another were seen climbing over a fence into a storage area of Elliott Valve and Repair Company in Houston. When appellant climbed back out he was apprehended, but his companion escaped undetected. Subsequent investigation revealed that a large valve weighing between 150 and 200 pounds had been moved two or three feet from its original position. The jury was charged on the law of principals.

Appellant contends the evidence is insufficient to show he had reduced the property to his control and manual possession. In the case of Senter v. State, 411 S.W.2d 742, this Court held that where the evidence shows there was a reduction of the property to the control and manual possession of the defendant, removal of the property from the premises is not necessary for commission of the offense of theft. Removal of the object from its customary location is sufficient to show such reduction to the control or manual possession as is required. See Perry v. State, Tex.Cr.App., 442 S.W.2d 741; Masters v. State, Tex.Cr.App., 437 S.W.2d 868. In Esparza v. State, Tex.Cr.App., 367 S.W. 2d 861, the defendant was found to have stolen an automobile, even though the taking was accomplished by pushing the car by hand, and it was moved only a few feet. See also Westerman v. State, 144 Tex.Cr.R. 101, 161 S.W.2d 95, wherein this Court said:

"The fact that something prevented the further use by appellant of the car would not prevent the case being one of theft."

See also Article 1412, V.A.P.C. which states:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking; it is sufficient that it has been in the possession of the thief, though it may not be moved out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapse, the offense is complete."

The evidence of taking was sufficient.

■ Appellant's final ground of error contends reversible error is reflected in jury argument made by the prosecutor. No objection was made to the argument and we are of the opinion that the error now complained of, if any, could have been cured by an instruction to disregard. No objection was preserved.

Finding no reversible error, the judgment is affirmed.