02-12-184-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00184-CR

 

 









 
 
 Ollie
 Curtis Johnson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 2
  
 of
 Tarrant County (1250554D)
  
 November
 29, 2012
  
 Opinion
 by Justice McCoy
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Bob McCoy








 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00184-CR

 

 


 
 
 Ollie Curtis Johnson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.    
Introduction

In
one issue, Appellant Ollie Curtis Johnson appeals his conviction of burglary of
a habitation.  We affirm.

II.  
Factual and Procedural Background

In
January 2011, Billy Harbour moved into an assisted living center, but he
retained his still-furnished home with the utilities connected and had his
son-in-law, James Rogers, check on the house two or three times a week.  On
August 12, 2011, Rogers called the police after finding Johnson in the house—asleep
in a bed in Harbour’s pajamas—and then he called Harbour.

When
the police arrived, they woke Johnson and arrested him.  After his arrest,
Johnson asked for his clothing and shoes and led the police to another room,
where he pointed out his clothes, shoes, and a duffel bag.  Police asked him
whether the bag contained any weapons, and Johnson said no.  Johnson began
listing items in the bag, including “chains” in the side pocket.  After placing
Johnson in a patrol car, police inventoried the bag and found some property,
which Rogers and Harbour identified as Harbour’s deceased wife’s costume
jewelry and a decorative curtain chain from the house.  Rogers testified that
the jewelry had hung for years on a rack behind a door in Harbour’s house, and
he said that he saw the police bring the bag out, open it, and take the jewelry
out of it.

Johnson
testified that he was homeless and that he and other people had stayed at
Harbour’s house, although he was the only one there when the police came.  He
admitted that he had been trespassing but denied committing burglary and said
that he had one gold chain in the duffel bag, that it was his property, and
that he had not placed any costume jewelry or curtain chains from the home in
the bag.  Johnson claimed that he saw the police carry the items out of the
house and plant them in his bag.  Johnson also admitted that he had prior
convictions for theft and burglary and had spent “quite a bit of [his] life in
jail.”

The
trial court’s charge instructed the jury on burglary of a habitation and the
lesser-included offense of criminal trespass.  The jury convicted Johnson of
burglary of a habitation and sentenced him to twenty-five years’ confinement,
and the trial court entered judgment on the verdict.  This appeal followed.

III. 
 Sufficiency of the Evidence

In
his single issue, Johnson asserts that the evidence is insufficient to show that
he entered Harbour’s home with intent to commit theft or that he committed or
attempted to commit theft once there. He also argues that the evidence is only sufficient
to show that he committed the lesser offense of criminal trespass and requests
that we reform the judgment to reflect that conviction and remand this case for
a new punishment trial.

A.  
Standard of Review

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v. State, 364
S.W.3d 900, 903 (Tex. Crim. App. 2012).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Blackman
v. State, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The
trier of fact is the sole judge of the weight and credibility of the evidence. 
See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Wise, 364
S.W.3d at 903.  Thus, when performing an evidentiary sufficiency review, we may
not re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Isassi v. State, 330 S.W.3d 633,
638 (Tex. Crim. App. 2010).  Instead, we determine whether the necessary
inferences are reasonable based upon the cumulative force of the evidence when
viewed in the light most favorable to the verdict.  Sorrells v. State,
343 S.W.3d 152, 155 (Tex. Crim. App. 2011).  We must presume that the
factfinder resolved any conflicting inferences in favor of the verdict and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Wise, 364 S.W.3d at 903.

B.  
Analysis

As
authorized by the indictment here, a person commits burglary of a habitation if
he intentionally or knowingly, without the effective consent of the owner,
enters a habitation either with the intent to commit a theft or, while there, he
commits or attempts to commit a theft.  See Tex. Penal Code Ann. § 30.02(a)(1),
(3) (West 2011).  Theft occurs when a person unlawfully appropriates property
with intent to deprive the owner of property, i.e., without the owner’s
effective consent.  Id. § 31.03(a), (b)(1) (West 2011 & Supp.
2012).

Johnson
does not dispute that he entered the habitation without permission; instead, he
argues that he did not commit or attempt to commit a theft.  In his opening
brief, he complains that his “placing the costume jewelry and curtain chains
into his duffel bag were only mere preparation for a future theft that would—presumably—occur
at some point in the future after he awoke from his nap.”  However, in his
reply brief, Johnson further argues that “the record is devoid of evidence that
[he] put the items in his duff[el] bag,” contradicting his opening brief, in
which he also argued that he “had prepared to steal the costume jewelry and
curtain chain by concealing them in his duffel bag.  But that’s as far as he
had gotten.”  As set out above in our factual recitation, Johnson denied
putting the property in his duffel bag and said that he saw the police plant
it; a police officer testified that she found the property in Johnson’s bag,
and Rogers testified that he saw the police bring the bag out, open it, and
take the jewelry out of it.

“[W]here
the evidence shows there was a reduction of the property to the control and
manual possession of the defendant, removal of the property from the premises
is not necessary for commission of the offense of theft.”  Baker v. State,
511 S.W.2d 272, 272 (Tex. Crim. App. 1974).  Asportation—the act of carrying
away or removing property—is not an element of theft; only the intent to
deprive, not actual deprivation, must be proven.  Hawkins v. State, 214
S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.).  Based on the record here, if
the jury chose to disbelieve Johnson and resolved any conflicting inferences in
the testimony against him, then the jury could have reasonably concluded that
Johnson had obtained control and possession over the property by placing it in
his duffel bag before he settled down for his nap.  See id; see also
Tex. Code Crim. Proc. Ann. art. 38.04; Jackson, 443 U.S. at 326, 99
S. Ct. at 2793; Wise, 364 S.W.3d at 903.

Further,
as here, when a jury returns a general guilty verdict on an indictment charging
alternate methods of committing the same offense, the verdict will stand if the
evidence is sufficient to support a finding of guilt based on at least one of
the valid theories.  See Sanchez v. State, 376 S.W.3d 767, 773–74 (Tex. Crim.
App. 2012) (op. on reh’g); see also Grissam v. State, 267 S.W.3d
39, 41 (Tex. Crim. App. 2008) (stating that when two theories of burglary were
in the charge, sufficiency of the evidence should have been measured against
the requirements for conviction under either theory).  Because the jury had
sufficient evidence upon which to conclude that Johnson, after entering the
habitation without the owner’s effective consent, had committed theft by
exercising control and possession over the property, the jury could have found
him guilty beyond a reasonable doubt of burglary instead of criminal trespass. 
We overrule Johnson’s sole issue.

IV.
 Conclusion

Having
overruled Johnson’s sole issue, we affirm the trial court’s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
WALKER, MCCOY,
and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 29,
2012









[1]See Tex. R. App. P. 47.4.