

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00184-CR

| | | |
|---|---|---|
| Ollie Curtis Johnson | § | From Criminal District Court No. 2 |
| | § | of Tarrant County (1250554D) |
| v. | § | November 29, 2012 |
| | § | Opinion by Justice McCoy |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bob McCoy



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00184-CR

OLLIE CURTIS JOHNSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I.  Introduction

In one issue, Appellant Ollie Curtis Johnson appeals his conviction of burglary of a habitation.  We affirm.

### II.  Factual and Procedural Background

In January 2011, Billy Harbour moved into an assisted living center, but he retained his still-furnished home with the utilities connected and had his son-in-

---

[1]*See* Tex. R. App. P. 47.4.

law, James Rogers, check on the house two or three times a week. On August 12, 2011, Rogers called the police after finding Johnson in the house—asleep in a bed in Harbour's pajamas—and then he called Harbour.

When the police arrived, they woke Johnson and arrested him. After his arrest, Johnson asked for his clothing and shoes and led the police to another room, where he pointed out his clothes, shoes, and a duffel bag. Police asked him whether the bag contained any weapons, and Johnson said no. Johnson began listing items in the bag, including "chains" in the side pocket. After placing Johnson in a patrol car, police inventoried the bag and found some property, which Rogers and Harbour identified as Harbour's deceased wife's costume jewelry and a decorative curtain chain from the house. Rogers testified that the jewelry had hung for years on a rack behind a door in Harbour's house, and he said that he saw the police bring the bag out, open it, and take the jewelry out of it.

Johnson testified that he was homeless and that he and other people had stayed at Harbour's house, although he was the only one there when the police came. He admitted that he had been trespassing but denied committing burglary and said that he had one gold chain in the duffel bag, that it was his property, and that he had not placed any costume jewelry or curtain chains from the home in the bag. Johnson claimed that he saw the police carry the items out of the house and plant them in his bag. Johnson also admitted that he had prior convictions for theft and burglary and had spent "quite a bit of [his] life in jail."

3

The trial court's charge instructed the jury on burglary of a habitation and the lesser-included offense of criminal trespass. The jury convicted Johnson of burglary of a habitation and sentenced him to twenty-five years' confinement, and the trial court entered judgment on the verdict. This appeal followed.

## III. Sufficiency of the Evidence

In his single issue, Johnson asserts that the evidence is insufficient to show that he entered Harbour's home with intent to commit theft or that he committed or attempted to commit theft once there. He also argues that the evidence is only sufficient to show that he committed the lesser offense of criminal trespass and requests that we reform the judgment to reflect that conviction and remand this case for a new punishment trial.

### A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

4

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

## B. Analysis

As authorized by the indictment here, a person commits burglary of a habitation if he intentionally or knowingly, without the effective consent of the owner, enters a habitation either with the intent to commit a theft or, while there, he commits or attempts to commit a theft. *See* Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011). Theft occurs when a person unlawfully appropriates property with intent to deprive the owner of property, i.e., without the owner's effective consent. *Id.* § 31.03(a), (b)(1) (West 2011 & Supp. 2012).

Johnson does not dispute that he entered the habitation without permission; instead, he argues that he did not commit or attempt to commit a theft. In his opening brief, he complains that his "placing the costume jewelry

5

and curtain chains into his duffel bag were only mere preparation for a future theft that would—presumably—occur at some point in the future after he awoke from his nap." However, in his reply brief, Johnson further argues that "the record is devoid of evidence that [he] put the items in his duff[el] bag," contradicting his opening brief, in which he also argued that he "had prepared to steal the costume jewelry and curtain chain by concealing them in his duffel bag. But that's as far as he had gotten." As set out above in our factual recitation, Johnson denied putting the property in his duffel bag and said that he saw the police plant it; a police officer testified that she found the property in Johnson's bag, and Rogers testified that he saw the police bring the bag out, open it, and take the jewelry out of it.

"[W]here the evidence shows there was a reduction of the property to the control and manual possession of the defendant, removal of the property from the premises is not necessary for commission of the offense of theft." *Baker v. State*, 511 S.W.2d 272, 272 (Tex. Crim. App. 1974). Asportation—the act of carrying away or removing property—is not an element of theft; only the intent to deprive, not actual deprivation, must be proven. *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.). Based on the record here, if the jury chose to disbelieve Johnson and resolved any conflicting inferences in the testimony against him, then the jury could have reasonably concluded that Johnson had obtained control and possession over the property by placing it in his duffel bag before he settled down for his nap. *See id*; *see also* Tex. Code

6

Crim. Proc. Ann. art. 38.04; *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

Further, as here, when a jury returns a general guilty verdict on an indictment charging alternate methods of committing the same offense, the verdict will stand if the evidence is sufficient to support a finding of guilt based on at least one of the valid theories. *See Sanchez v. State*, 376 S.W.3d 767, 773–74 (Tex. Crim. App. 2012) (op. on reh'g); *see also Grissam v. State*, 267 S.W.3d 39, 41 (Tex. Crim. App. 2008) (stating that when two theories of burglary were in the charge, sufficiency of the evidence should have been measured against the requirements for conviction under either theory). Because the jury had sufficient evidence upon which to conclude that Johnson, after entering the habitation without the owner's effective consent, had committed theft by exercising control and possession over the property, the jury could have found him guilty beyond a reasonable doubt of burglary instead of criminal trespass. We overrule Johnson's sole issue.

## IV. Conclusion

Having overruled Johnson's sole issue, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 29, 2012