

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00056-CR

_____

GARY MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th District Court
Collin County, Texas
Trial Court No. 296-81210-2013

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

A Walmart employee in Collin County watched suspiciously one evening as Gary Moore loaded five DVD players into his shopping cart without checking prices, but while repeatedly looking over his shoulder. The employee continued to watch, and a surveillance video confirmed, Moore pushing the loaded cart past closed cash registers in the then closed garden center and exiting onto the store's outside patio, which had separate emergency exits directly to the parking lot. The employee's testimony and the surveillance video show Moore stopping when he noticed a police vehicle just outside in the parking lot, abandoning the cart of merchandise, and returning inside the store to leave through the store's main exit without purchasing anything. Moore was arrested.

A Collin County[1] jury found Moore guilty of shoplifting merchandise and, thus, of theft of property with a value of less than $1,500.00, with two previous convictions of theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). After the jury's verdict of guilt, Moore entered into a negotiated plea agreement under which he pled "true" to the State's enhancement allegations—that Moore had been convicted of five other additional felony offenses[2]—and the State recommended a sentence of five years' confinement. Moore was sentenced accordingly.

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]Before trial, the State filed a notice of enhancement which alleged that Moore was previously convicted (1) on April 28, 1983, of the felony offense of burglary of a motor vehicle with intent to commit theft in the District Court of Harris County, Texas, in cause number 375859; (2) on January 21, 1985, of the felony offense of vehicle theft in the 337th Judicial District Court of Harris County, Texas, in cause number 411372; (3) on March 29, 1988, of the felony offense of burglary in the 168th Judicial District Court of El Paso County, Texas, in cause number 52166; (4) on August 10, 1994, of the felony offense of possession of a controlled substance in the 364th Judicial District Court of El Paso County, Texas, in cause number 74612-346; and (5) on April 6, 2006, of the felony offense of

2

On appeal, Moore argues (a) that the evidence is legally insufficient to support the jury's finding that he had the requisite mens rea to commit the offense, (b) that the trial court erred in allowing the State to amend its indictment on the day of trial to reflect the proper name of the court in which he was previously convicted of one of the jurisdictional theft offenses, (c) that the trial court erred in admitting evidence of the jurisdictional theft offenses at trial, (d) that the trial court erred in requiring the jury to find beyond a reasonable doubt that Moore had committed the jurisdictional theft offenses, (e) that the evidence is legally insufficient to support the jury's finding beyond a reasonable doubt that Moore committed the jurisdictional theft offenses, because there was a material variance between the indictment's allegation of those offenses and the proof adduced at trial, and (f) that discrepancies in the plea paperwork may render the plea agreement ineffectual.

We find that (1) the evidence is sufficient to support the finding of guilt, (2) the indictment was never amended, (3) Moore failed to preserve his complaints involving admission of the jurisdictional theft offenses, (4) there was no error in the jury charge, (5) there was no material variance between the indictment's allegations of the jurisdictional theft offenses and the proof adduced at trial, and (6) Moore is precluded from challenging his punishment. Accordingly, we affirm the trial court's judgment.

---

manufacture or delivery of a controlled substance in an amount of four grams or more but less than 200 grams in the 291st Judicial District Court of Dallas County, Texas, in cause number F-0551876.

3

*(1)*     *The Evidence Is Sufficient to Support the Finding of Guilt*

Moore argues that the evidence is legally insufficient to prove that he intentionally or knowingly stole the merchandise.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found theft in the requisite amount beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Brown v. State*, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

In this case, Moore committed theft "if he unlawfully appropriate[d] property with [the] intent to deprive the owner of property."[3] TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014). Moore challenges the proof of the mens rea required for the offense. Also, theft is typically classified as a misdemeanor offense. TEX. PENAL CODE ANN. § 31.03(e)(1)–(3) (West Supp. 2014). However, an offense of theft is punishable as a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D). "Previous theft convictions that elevate[] misdemeanors to felonies are jurisdictional elements of the offense alleged." *Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.). Thus, the State was also required to prove that Moore committed the two previous jurisdictional offenses as alleged in the indictment.

At trial, Tyler Aroche, a Walmart loss prevention officer, testified that he became suspicious of Moore when he saw Moore place five portable DVD players into a shopping cart without looking at the prices of the products. Aroche, who was pretending to be a Walmart shopper, followed Moore closely and continued to watch as Moore browsed the electronics department of the store. He noticed that Moore "kept looking over his shoulder" to ensure that he remained hidden from Walmart employees. After 9:15 p.m., Moore finished loading his cart and walked toward the store's garden center, which had closed at 8:00 p.m. Aroche testified that people often try to use the closed garden center's separate exit to get away with stolen

---

[3]In defining the various theft offenses, the word "appropriate" means "to acquire or otherwise exercise control over property other than real property." TEX. PENAL CODE ANN. § 31.01(4)(B) (West Supp. 2014).

merchandise. Because he believed that Moore was attempting to steal the merchandise in his cart, Aroche called the police.

Surveillance video demonstrated that Moore walked past the closed cash registers and exited onto the store's outside patio without paying for either the DVD players or the other merchandise. Aroche explained that the garden center's outside patio has emergency exits that open directly to the parking lot. He testified that Moore stepped onto the outside patio and headed for the emergency exit, but paused when he spotted a marked patrol vehicle that was waiting for him. According to Aroche, Moore then abandoned the cart full of merchandise on the outside patio, walked back into the store, and left the store through the main entrance, all the while appearing nervous and looking over his shoulder.[4] Surveillance footage showed Moore pushing the full cart to the outside patio, abruptly abandoning the merchandise, and retreating back into the store.

Kyle Norton, an officer with the Plano Police Department, testified that, even though Moore had abandoned the property, Moore was arrested because he had exited all points of sale and would have escaped through the emergency exit doors if he had not spotted the marked police vehicle. Norton testified that, in his belief, Moore had no intention of paying for the items in the cart. The value of the property in Moore's cart totaled $608.11. According to Norton, Moore claimed that he had just come from Oklahoma from a gambling trip and was stopping at

---

[4]"To show theft under Texas law, it is not necessary to establish that the property was removed or carried away from the premises." *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 755–56 (Tex. App.—Dallas 2010, pet. denied) (citing *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981)). "Any removal of the property, no matter how slight, from its customary location is sufficient to show control over the property for purposes of theft." *Id.* at 756 (citing *Baker v. State*, 511 S.W.2d 272 (Tex. Crim. App. 1974)).

the store to shop. Norton believed the story odd since Moore had just abandoned a full cart and had not purchased any merchandise as he was exiting the store.

After hearing this evidence, the jury convicted Moore of theft. On appeal, Moore's challenge regarding the conviction itself focuses only on the proof of the mens rea element of the offense. Specifically, Moore argues (1) that there was no evidence of any act of concealment, and (2) that the surveillance videos of Moore inside the store suggested that Aroche's testimony that Moore was constantly looking over his shoulder was exaggerated. Moore contends that he was merely shopping for Christmas gifts in December, as demonstrated by the wrapping paper that was also in his cart.

"Intent to deprive must be determined from the words and acts of the accused." *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981); *Banks v. State*, 471 S.W.2d 811, 812 (Tex. Crim. App. 1971). Aroche admitted that there was no evidence that Moore was attempting to conceal items from the view of Walmart employees. However, he testified that, as a loss prevention officer, he (1) targeted Moore when he placed five portable DVD players into his cart without looking at the prices, (2) became suspicious when Moore's body language indicated that he was nervous, and (3) became concerned when Moore's maneuvers indicated that he was purposefully trying to avoid catching the attention of Walmart employees.

Moore's entire trip to Walmart was not memorialized in the surveillance footage. Because his appearance inside the store was captured for only a few seconds in unclear segments, Moore argues that the video does not support Aroche's testimony that Moore was nervous and constantly looking over his shoulder. Yet, as the sole triers of fact, the jury was free

7

to believe Aroche's testimony since Aroche was following Moore closely throughout the store and was able to witness Moore's expressions and mannerisms. Moreover, the jury heard that Moore attempted to exit the store through the closed garden center—a path commonly used by shoplifters seeking to avoid detection. Video surveillance showed Moore exiting past all points of sale and abruptly abandoning his cart on the outdoor patio. When approached by Norton, Moore, who had just exited the store without merchandise, claimed to Norton that he was coming to the store to shop.

Based on the video surveillance and Aroche's and Norton's testimony, the jury could determine that Moore's actions demonstrated his intent to deprive Walmart of the merchandise in the cart. Therefore, we conclude that the evidence was sufficient for the jury to find that Moore unlawfully appropriated the property with the requisite intent.

*(2)     The Indictment Was Never Amended*

In its indictment, the State alleged that Moore was previously convicted of (1) theft of property valued at more than $20.00 but less than $200.00 on March 30, 1994, in the County Court at Law #7 of El Paso County, Texas, in cause number 940C03986 (the 1994 offense) and (2) theft of property valued at more than $50.00 but less than $500.00 on July 14, 2004, in the County Criminal Court #3 of Tarrant County, Texas, in cause number 0878309001. These two prior offenses were necessary to raise the level of the current theft offense from a misdemeanor to a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D).

On the day of trial, but before the jury was impaneled and sworn, the State moved to amend the indictment regarding Moore's 1994 conviction by changing language regarding the

8

name of the convicting court from County Court at Law #7 to County Court at Law #4. The trial court overruled Moore's objection to the State's trial amendment and stated that it would "allow the amendment [to correct] a clerical error, not a substantive error." Moore argues that the trial court erred in granting the State's motion to amend the indictment.

"A charging instrument may not be modified on the day of trial before the trial on the merits commences." *Dukes v. State*, 239 S.W.3d 444, 446 (Tex. App.—Dallas 2007, pet. ref'd) (citing *State v. Murk*, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991)); *see* TEX. CODE CRIM. PROC. ANN. art. 28.10(b) (West 2006). The State argues, however, that, while it might have been error for the State to have been given permission to amend the indictment that late, the indictment was never actually amended. We agree.

"Neither the [State's] motion [to amend the indictment] nor the trial judge's granting thereof is an amendment; rather the two comprise the authorization for the eventual amendment of the charging instrument pursuant to Article 28.10." *Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (quoting *Ward v. State*, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992), *overruled in part on other grounds by Riney*, 28 S.W.3d at 566). "[A] written amendment must be submitted to the trial court and included in the record to be valid." *Tata v. State*, 446 S.W.3d 456, 461 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) (citing *Riney*, 28 S.W.3d at 565–66; *Head v. State*, 299 S.W.3d 414, 437 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd)).

Here, there is no document in the record showing any actual amendment to the indictment. While the trial court stated that it would "allow the amendment," it made no statement that the amendment had been made. Although the reporter's record reflects that the

indictment was read to Moore before he pled true to the 1994 offense, it omits the substance of the wording from the transcription. Additionally, Moore's plea of true to the 1994 offense cannot constitute an amendment to the indictment. *See Puente v. State*, 320 S.W.3d 352, 358 (Tex. Crim. App. 2010) ("[A] judicial confession of a guilty plea, even when it is reduced to writing, is decidedly *not* a charging instrument.").

Because the indictment was never actually amended, the original indictment remained effective. Consequently, we overrule this point of error. *See Tata*, 446 S.W.3d 456.

*(3)     Moore Failed to Preserve His Complaints Involving Admission of the Jurisdictional Theft Offenses*

Although Moore pled true to the two prior jurisdictional theft offenses, the State introduced evidence of the offenses during the guilt/innocence phase of the jury trial, without objection. If a defendant stipulates to prior offenses used as jurisdictional enhancements, a trial court should not permit the admission of evidence of the prior convictions during the guilt/innocence phase because the danger of unfair prejudice from introduction of such evidence substantially outweighs its probative value. *Hernandez v. State*, 109 S.W.3d 491, 494 (Tex. Crim. App. 2003). Moore argues that the trial court erred in allowing the State to introduce evidence of the prior offenses.

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion. . . ." TEX. R. APP. P. 33.1(a)(1). Moore did not raise any timely objection to the introduction of evidence of his previous theft convictions. Therefore, we find that Moore has failed to preserve this issue for our review.

10

*(4)*      *There Was No Error in the Jury Charge*

Moore also argues that the trial court erred in including the following reference to the prior jurisdictional offenses in the jury charge:

> A theft under $1500 becomes a felony if the defendant was previously convicted two times of the offense of theft. The State has alleged that GARY MOORE has been previously convicted two times of the offense of theft, to wit: on the 14th day of July, A.D. 2004, in the County Criminal Court # 3 of Tarrant County, Texas, in cause number 0878309001, on the docket of said court, the said Defendant, under the name of Gary Moore, was duly and legally convicted in the said last named court of the offense of Theft of Property more than fifty dollars ($50.00) but less than five hundred dollars ($500.00) on an information then legally pending in said last named court of which said court had jurisdiction; and on the 30th day of March, A.D., 1994, in the County Court at Law #4 of El Paso County, Texas, in cause number 940C03986, on the docket of said court, the said defendant, under the name of Gary Celestine, was duly and legally convicted in the said last named court of the offense of Theft>=$20 <$200 on an information then legally pending in said last named court of which said court had jurisdiction. The Defendant has stipulated that these allegations are true, and you are instructed to find them true. You may not consider the existence of these prior convictions for any purpose other than establishing the jurisdictional element of two prior convictions. You are further instructed that evidence of these prior convictions cannot be considered as evidence that the Defendant committed theft on the 12th day of December, 2012.

Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994); *see Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Initially, we determine whether an error occurred and then "determine whether sufficient harm resulted from the error to require reversal." *Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), *reaff'd by Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).

11

"A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense." *Martin v. State*, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006). This requirement includes previous offenses that are used as jurisdictional elements. *Id.* Thus, "the jury should be instructed about the existence and effect of a defendant's stipulation to the two jurisdictional prior [] convictions." *Id.* at 637.

As the Texas Court of Criminal Appeals clarified,

the trial court can instruct the jury about the stipulated prior convictions in any of several different ways. One way is to include the specific indictment allegations of the two prior DWI convictions in the application paragraph with a separate paragraph stating that the defendant has stipulated to the existence of those two prior convictions, thus that jurisdictional element has been established. This separate paragraph would also instruct the jury to find that the jurisdictional prior convictions may not be used for any other purpose in determining the guilt of the defendant on the charged occasion.

*Id.* at 639. The trial court's instruction fell squarely within the parameters of *Martin*. Therefore, because the trial court's charge was proper, we overrule this point of error.

*(5)* *There Was No Material Variance Between the Indictment's Allegations of the Jurisdictional Theft Offenses and the Proof Adduced at Trial*

Moore pled true to the two prior jurisdictional theft offenses. The State also introduced the judgments of conviction for each of the theft offenses. Moore argues that the State's indictment was never actually amended to reflect the correct court of conviction for the 1994 offense, and, therefore, there is a material variance between the pleading and proof with respect to this prior offense.

Allegations of prior jurisdictional offenses need not have the same particularity that is required in charging a primary offense. *Human v. State*, 749 S.W.2d 832, 835–37 (Tex. Crim.

12

App. 1988) (op. on reh'g); *Valenti v. State*, 49 S.W.3d 594, 598 (Tex. App.—Fort Worth 2001, no pet.); *see Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *see also Rooks v. State*, 576 S.W.2d 615, 617 (Tex. Crim. App. [Panel Op.] 1978) (acknowledging "the trend in the law regarding allegations of prior convictions has generally been toward a relaxation of the rigid rules of the past"). "The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial of the question of whether he is the named convict therein." *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). Variances between an allegation of a prior conviction and the proof in regard to cause numbers, courts, and dates of conviction have all been held to be immaterial. *Arce v. State*, 552 S.W.2d 163, 164 (Tex. Crim. App. 1977) (finding State's allegation of prior offense sufficient even though it omitted court of conviction because cause number, county, and date of conviction were sufficient notice to enable accused to locate prior felony conviction); *Human*, 749 S.W.2d at 837; *Freda*, 704 S.W.2d at 42–43.

Moreover, a variance between the allegations and the proof will not render the evidence insufficient if the defendant was not surprised or prejudiced by the variance. *See Rojas v. State*, 986 S.W.2d 241, 246 (Tex. Crim. App. 1998); *Human*, 749 S.W.2d at 836; *see also* TEX. R. APP. P. 44.2(b). Moore had no objection to the State's introduction of the 1994 offense. He pled true to both prior theft convictions. His counsel candidly admitted that he and Moore were "already aware of two prior convictions for theft." The record demonstrates that Moore was neither surprised by the variance in the date of the 1994 offense nor mislead to his prejudice in preparing

his defense. Therefore, the variance was immaterial, and Moore's pleas of true and the judgments of conviction were legally sufficient to establish the jurisdictional theft offenses.

Because the evidence was legally sufficient to support Moore's conviction, we overrule this point of error.

*(6)*     *Moore Is Precluded from Challenging His Punishment*

The trial court's certification of Moore's right to appeal states that, with respect to punishment, this is a plea bargain case and Moore has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A defendant in a noncapital felony case may waive the right to appeal. *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005)). Moore does not argue that his waiver was not voluntary, knowing, and intelligent and has raised no complaint that would otherwise lead this Court to conclude that the sentence is illegal or otherwise void.[5]

Moore acknowledges that he waived his right to appeal as part of the plea agreement. Because Moore was aware of the consequences of his waiver of the right to appeal the issue of punishment, he must live with those consequences. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). Because we have no jurisdiction over this portion of Moore's appeal, we dismiss this point of error. *See Edwards v. State*, No. 05-12-00998-CR, 2013 WL 1449907, at *1 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (mem. op., not designated for publication).

---

[5]Moore argued that the same convictions used to elevate the current offense to a state jail felony could not also be used as enhancement allegations for the purposes of punishment. The State's notice of intent to enhance Moore's punishment relied on five previous felony offenses which were separate and apart from the two alleged jurisdictional theft offenses.

14

We affirm the trial court's judgment.

                              Josh R. Morriss, III
                              Chief Justice

Date Submitted:     February 6, 2015
Date Decided:       February 25, 2015

Do Not Publish

15