

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00124-CR

**JEFFREY TODD BLACKBURN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 13-0194**

## MEMORANDUM OPINION

Jeffery Blackburn appeals from a conviction for the offense of theft of $50 or more but less than $500. TEX. PEN. CODE ANN. § 31.03 (West 2011). Blackburn complains that the trial court erred in the admission of a video recording because it was not properly authenticated, erred in allowing evidence of extraneous offenses in the punishment phase of the trial, and erred by denying his motion for directed verdict. Because we find no reversible error, we affirm the judgment of the trial court.

*Admission of Evidence*

In his first issue, Blackburn complains that the trial court abused its discretion by admitting a DVD video recording of Blackburn in a Target store from which a flat iron and an iPod docking station with speakers (the "speakers") were shoplifted. Woeckner, a former employee who was a loss prevention officer at that Target location at the time of the theft, testified that he had prepared the DVD by reviewing the security camera footage at Target and downloading it onto a DVD which he provided to law enforcement. Woeckner also testified that he had seen the recording which was made on a device that made accurate recordings and that it was a true and correct copy of the recording from the day of the offense. Target's surveillance system consisted of twelve security cameras, and Woeckner had compiled the footage showing Blackburn in and departing from Target and copied it onto the DVD.

Blackburn objected to the admission of the DVD because Woeckner was not the operator of the recorder and because he did not personally observe the events which had been recorded. Because of this, Blackburn argued that Woeckner could not properly state that the recording was accurate.

A trial court's admission of evidence is reviewed for an abuse of discretion. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Authentication is a condition precedent to admissibility that may be satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R.

EVID. 901(a). Evidence may be authenticated in a number of ways, including by direct testimony from a witness with personal knowledge, by comparison with other authenticated evidence, or by circumstantial evidence. *Tienda*, 358 S.W.3d at 638. If the trial court's ruling that a jury could reasonably find proffered evidence authentic is at least "within the zone of reasonable disagreement," we will not interfere with that determination. *Id*.

Woeckner testified that the security system continuously recorded from the security cameras and that he had reviewed the footage personally and copied only the camera angles which showed Blackburn walking around in Target with the packaging containing the speakers in his hands and thereafter departing from the Target with the flat iron still in its packaging. Woeckner testified that the DVD was the one he had provided to law enforcement and it was an accurate recording. We hold that the trial court's finding that the DVD was adequately authenticated did not constitute an abuse of discretion.

Later, after the DVD had been played to the jury and the State had passed the witness, on cross-examination, Blackburn made a motion to have the DVD stricken because Woeckner had edited the DVD to only show that footage of Blackburn in the Target rather than copying the entire security footage from all twelve cameras from the date in question. However, in order to preserve error, an objection to the admission of evidence must be timely made. TEX. R. APP. P. 33.1(a); *Pena v. State*, 353 S.W.3d 797, 807

(Tex. Crim. App. 2011). "A complaint is timely if it is made 'as soon as the ground of objection becomes apparent.'" *Pena*, 353 S.W.3d at 807. At a minimum, the latest the alleged error would have become apparent was during the playing of the DVD to the jury. Blackburn's complaint regarding any editing or alteration of the DVD was not timely, and was therefore not preserved for our review. We overrule issue one.

*Extraneous Offenses*

In his second issue, Blackburn complains that the trial court erred by allowing evidence of three extraneous offenses during the punishment phase of his trial. The State presented three video recordings, one from Walmart from the same day as the instant offense, and two from Target within the next month of the instant offense. The Walmart recording showed Blackburn leaving Walmart with two Toshiba laptops. The first Target recording showed Blackburn walking out with a Dyson vacuum cleaner and the second showed Blackburn attempting to leave Target with some luggage and other items. In the second Target recording, Blackburn was confronted at the front door by the Target manager and was prevented from leaving with the luggage and other items. Additionally, an audio recording that had been made by law enforcement when they questioned Blackburn prior to his arrest was also admitted into evidence during which Blackburn was confronted about three recent thefts from Target and two from Walmart. On that recording, Blackburn admitted that he had committed the offenses and claimed that he had given away the items he had taken.

Article 37.07, section 3(a) of the Texas Code of Criminal Procedure provides that evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (West 2006). Evidence of extraneous crimes or bad acts is admissible if they are shown beyond a reasonable doubt by evidence to have been committed by the defendant or if he could be held criminally responsible for them, regardless of whether he was previously charged with or finally convicted of the crime or act. *Id.*

The three recordings that depict Blackburn taking items from Target and Walmart, the testimony from Woeckner and Walmart's loss prevention officer explaining how the recordings were made, and Blackburn's confession, are sufficient for the trial court to have found that Blackburn committed the offenses beyond a reasonable doubt. We overrule issue two.

*Sufficiency of the Evidence*

In his third issue, Blackburn complains that the evidence was insufficient for the jury to have found beyond a reasonable doubt that he committed theft as to the speakers. The information and jury charge alleged that Blackburn committed theft of a flat iron and electronic speakers with a value of $50 or more but less than $500. Blackburn argues that there was no evidence that Blackburn left Target with the speakers.

*Standard of Review*

A challenge to the trial court's denial of a motion for an instructed verdict or a motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and

circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Theft is defined in the penal code as "unlawfully appropriat[ing] property with intent to deprive the owner of property." TEX. PEN. CODE ANN. § 31.03(a). In defining the various theft offenses, the word "appropriate" means "to acquire or *otherwise exercise control* over property other than real property." TEX. PENAL CODE ANN. § 31.01(4)(B) (emphasis added). "Any removal of the property, no matter how slight, from its customary location is sufficient to show control over the property for purposes of theft." *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, no pet.) (*citing Baker v. State*, 511 S.W.2d 272 (Tex. Crim. App. 1974)). Even if we were to assume that the evidence was insufficient to show that Blackburn actually removed the speakers from Target, we note that in order "[t]o show theft under Texas law, it is not necessary to establish that the property was removed or carried away from the premises." *Id*. at 755-56 (*citing Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981)); *see Senter v. State*, 411 S.W.2d 742, 744-45 (Tex. Crim. App. 1967); *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.) ("[A]sportation—the act of carrying away or removing property—is not an element of statutory theft."). Here, the evidence showed that Blackburn was in possession of the speakers while walking through Target, Woeckner

found the empty packaging from the speakers in the store shortly thereafter, and Woeckner testified that he had verified that none of that type of speakers had been sold at Target that day. We find that the evidence is sufficient to show that Blackburn exercised control over the speakers while in Target and for the jury to have inferred that Blackburn was the person who removed them from the packaging, constituting an unlawful appropriation of the property.[1] We overrule issue three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed April 23, 2015
Do not publish
[CR25]



---

[1] Blackburn does not challenge the sufficiency of the evidence relating to the flat iron.